# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO GUTIERREZ,<br><br>       Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary,<br><br>       Respondent. | Case No.: 17cv438-MMA (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 22]<br><br>**OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 23]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DENYING REQUEST FOR EVIDENTIARY HEARING; AND**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

   Petitioner Roland I. Gutierrez ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus ("petition") pursuant to Title 28 of the United States Code, section 2254 [Doc. No. 1] challenging the constitutionality of his state court convictions for two incidents which were tried together. *See* Lodg. No. 12 at 2.

1

17cv438-MMA (MDD)

Petitioner challenges his state court convictions of second degree murder of Hannah Podhorsky and the attempted second-degree murder of another victim from a February 2009 shooting in violation of California Penal Code sections 187(a) and 664. *Id.*; Lodg. No. 7 at 2176-77. As to both of those counts, the jury found true allegations that Petitioner committed the crimes as part of criminal street gang-related activities and that he was a principal in the crimes, and in their commission at least one principal used a firearm, proximately causing a person's death in violation of California Penal Code sections 186322(b)(1), 12022.53(d), and 12022.53(e)(1). Lodg. Nos. 12 at 2; 7 at 2176-78. Also, Petitioner challenges his state court convictions of making a criminal threat and corporal injury resulting in a traumatic condition from a domestic violence incident in August 2011 in violation of California Penal Code sections 422 and 273.5(a). Lodg. Nos. 12 at 2; 7 at 2178-79. As to the corporal injury count, the jury found true the allegation that Petitioner personally used a deadly and dangerous weapon in violation of California Penal Code sections 12022(b)(1) and 1192.7(c)(23). Lodg. Nos. 12 at 2; 7 at 2178-79.

Petitioner asserts that the 2009 and 2011 charges were improperly joined, the trial court improperly admitted gang evidence, there was insufficient evidence to support the gang enhancement (California Penal Code section 186.22), and trial and appellate counsel provided ineffective assistance. *See generally*, Doc. No. 1. Respondent answered on the merits, requesting the petition be denied with prejudice, and that no certificate of appealability be issued. Doc. No. 15 at 30. Petitioner filed a traverse. Doc. No. 21.

The matter was referred to United States Magistrate Judge Dembin for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Dembin has issued a detailed and well-reasoned report recommending that the Court deny Petitioner's claims for relief without an evidentiary hearing and dismiss the petition. *See* Doc. No. 22. Petitioner timely filed objections to the Report and Recommendation on February 21, 2018. *See* Doc. No. 23. For the reasons set forth below, the Court finds the Report and Recommendation to be thorough, complete, and an

accurate analysis of the legal issues presented in the petition. As such, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

## STANDARD OF REVIEW

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

Petitioner objects to Judge Dembin's Report and Recommendation on various grounds. *See* Doc. No. 23. The Court has conducted a *de novo* review of the pertinent portions of the record with respect to each of Petitioner's objections, and each objection is addressed in turn.

First, Petitioner contends he has met the appropriate standard to prevail on his claims for prejudicial improper joinder of charges. *Id.* at 1-3. Petitioner's objections do not present new argument and repeat arguments found in the petition and traverse. *See* Doc. Nos. 1, 21, 23. Judge Dembin thoroughly addresses these arguments in the Report and Recommendation. Doc. No. 22 at 17-18. Accordingly, the Court finds Petitioner's prejudicial improper joinder of charges objections are without merit.

Second, Petitioner claims he demonstrates cause and prejudice, thereby overcoming Respondent's procedural default affirmative defense. *See* Doc. No. 23 at 3, 7. Specifically, Petitioner asserts that his ineffective assistance of counsel claims constitute cause and the fact that he was "not found guilty of [California Penal Code section] 12022.53(d), which shows the jury did not find true Petitioner murdered Podhorsky . . ." establishes the requisite prejudice. Doc. No. 23 at 3. As indicated below, Judge Dembin thoroughly addresses Petitioner's ineffective assistance of counsel

3

claims and recommends that they be denied. As a result, the Court finds Petitioner's cause and prejudice objections are without merit. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) (stating that the court need not consider whether the petitioner suffered actual prejudice if the petitioner fails to show cause).

Third, Petitioner contends he adequately demonstrates that the admission of Detective Sherman's testimony was prejudicial and improper. Doc. No. 23 at 4. Petitioner's objections do not present new argument and repeat arguments found in the petition and traverse. *See* Doc. Nos. 1, 21, 23. Judge Dembin thoroughly addresses these arguments in the Report and Recommendation. Doc. No. 22 at 23-24. Accordingly, the Court finds Petitioner's objections with respect to admissions of evidence that render a trial fundamentally unfair are without merit. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (noting that the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of a writ").

Fourth, Petitioner asserts he demonstrates ineffective assistance of trial counsel because his trial counsel failed to consult an expert toxicologist, to object to the admission of a "threatening text message," and to call two witnesses. Doc. No. 23 at 4-6. He also asserts that he demonstrates ineffective assistance of appellate counsel for failing to raise trial counsel's ineffective assistance on appeal. *Id.* at 6-7. Again, Petitioner's objections do not present new argument and repeat arguments found in the petition and traverse. *See* Doc. Nos. 1, 21, 23. Judge Dembin thoroughly addresses these arguments in the Report and Recommendation. Doc. No. 22 at 24-34. As such, the Court finds Petitioner's ineffective assistance of counsel objections are without merit.

Fifth, Petitioner contends he is entitled to an evidentiary hearing "[f]or the reasons set forth in this Petition[,] Traverse, and Objection." Doc. No. 23 at 7. Title 28 U.S.C. section 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Judge Dembin correctly concludes that Petitioner fails to show that his claim relies on a new rule of constitutional law, a factual predicate that could not have been previously discovered, or that the facts underlying the claim sufficiently establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty. Doc. No. 22 at 35. Accordingly, the Court finds Petitioner's evidentiary hearing objections are without merit and that there is a sufficient factual basis in the record to resolve Petitioner's claims. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005).

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were

adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth in the Report and Recommendation, the Court finds this standard has not been met. Accordingly, the Court **DECLINES** to issue a certificate of appealability as to any claims or issues raised in the petition.

## CONCLUSION

Based on the foregoing, Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** in its entirety, the Petition for Writ of Habeas Corpus and request for evidentiary hearing are **DENIED**, and the Court **DECLINES** to issue a certificate of appealability.

The Clerk of Court is instructed to terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

Dated: March 8, 2018

Hon. Michael M. Anello
United States District Judge